UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CONFIGURE PARTNERS LLC, and
CONFIGURE PARTNERS SECURITIES LLC,

|  |  |
|---|---|
| Plaintiffs, | **ORDER** |
| -against- | **22-CV-8631 (RA) (JW)** |

RACI HOLDINGS LLC, and PNC CAPITAL
FINANCE LLC,

                                        Defendants.
-------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On February 15, 2023, this case was referred for general pretrial as well as resolution of the pending motion to stay discovery.  Dkt. No. 46.  Plaintiffs seek to stay discovery while their recently-filed motion for summary judgment is pending. Dkt. No. 42.  Defendant RACI Holdings LLC opposes the stay, stating that, because discovery has not yet commenced, it would prejudice their efforts to "conduct written discovery and take depositions to obtain facts essential to justify its opposition to Plaintiffs' Motion for Summary Judgment."  Memo. of L. in Opp. to Pl's. Mot. to Stay Discovery at 2 (Dkt. No. 45) ("Opp.").  In conjunction with their opposition, Defendant has also moved pursuant to Rule 56(d) of the Federal Rules of Civil Procedure ("FRCP") for time to obtain discovery to support its opposition to the pending motion for summary judgment.  Id.  Should Defendant succeed, they have also asked for 90 days from the entry of an order to file their opposition to summary judgment.  Id.

## LEGAL STANDARD

A district court has discretion to stay discovery pursuant to FRCP Rule 26(c), upon a showing of good cause.  See Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  "The party seeking a stay of discovery bears the burden of showing good cause.  The pendency of a dispositive motion is not, in itself, an automatic ground for a stay." Mirra v. Jordan, No. 15-CV-4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (internal quotations omitted).  Courts consider the following factors when determining whether a stay of discovery is appropriate during the pendency of a dispositive motion: (1) whether the movant has made a strong showing that the non-movant's claim is meritless; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. See id.

In evaluating whether the movant has made a strong showing that the non-movant's claim is meritless, this Court has cautioned that "this factor is not, and should not, be a way to obtain an initial ruling on the viability of Plaintiff's case." Bennett v. Cuomo, No. 22-CV-7846 (VSB), 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023).  This Court is more likely to grant a stay where the complaint is facially without merit or where the plaintiff has been unable to cite relevant authority in response to a defendant's challenge. See id.  This Court is less likely to grant a stay where both the plaintiff and defendant can make strong arguments in their briefs or where the merits of a plaintiff's case involve a fact-intensive analysis.  See id.

In assessing the breadth of discovery and the burden of responding to it, courts consider whether "discovery would reach such wide-breadth that good cause for a stay exists." Bennett, 2023 WL 2021560, at *3 (internal quotations omitted).  This Court is more likely to grant a stay in instances where discovery is likely to be "broad and significant," such as when there are many defendants and an array of complex issues. Spinelli v. Nat'l Football League, No. 13-CV-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).  This Court is less likely to grant a stay in cases where the movant fails to show why discovery would be burdensome or where the resolution of pending motions to dismiss will not meaningfully change the scope or burden of discovery.  See Bennett, 2023 WL 2021560, at *4.

In determining whether a risk of unfair prejudice to the party opposing the stay exists, the Court must bear in mind that if good cause has not otherwise been shown, "lack of prejudice does not justify a stay." Guiffre v. Maxwell, No. 15-CV-7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016).  "The passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." O'Sullivan v. Deutsche Bank AG, No. 17-CV-8709 (LTS)(GWG), 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018).  Conversely, the "potential fading memories of witnesses who were part of the historical relationship between the parties weighs against a stay." RBG Mgmt. Corp. v. Vill. Super Mkt., Inc., No. 22-CV-07996 (JLR), 2023 WL 1996920, at *2 (S.D.N.Y. Jan. 24, 2023).  If the moving party has not demonstrated a lack of

prejudice to the non-moving party, this also weighs against a stay.  See Mirra, 2016 WL 889559, at *3.

## DISCUSSION

### A. Whether Movant Has Made a Strong Showing that the Non-Movant's Claim is Meritless.

Plaintiffs argue that they have made a "conclusive showing" that they are entitled to summary judgment in their favor, and thus, "for the same reasons," a stay should issue. Memo. of L. in Support of Pl.'s Mot. for Summary Judgment and Mot. to Stay Discovery at 22-23 (Dkt. No. 42) ("Pl. Mem.").

Defendant contends that "numerous genuine disputes of material fact exist" and that they must "have the opportunity to obtain discovery of admissible evidence in order to present facts essential to justify its opposition to Plaintiffs' Motion for Summary Judgment."  Opp. at 7.  In support of this argument, Defendant has contemporaneously filed an FRCP 56(d) Motion, requesting 90 days from the entry of an order to file their opposition to summary judgment.  Opp. at 2; see also Memo. of L. in Support of Def.'s Mot. for Relief Pursuant to Fed. R. of Civ. P. 56(d) at 1 (Dkt. No. 44) ("56(d) Motion").

The Court begins by noting that, at this stage, the Court is not ruling on Plaintiffs' Motion for Summary Judgment.  Thus, we must be cautious not to make an initial ruling on the viability of Plaintiffs' claims. Bennett, 2023 WL 2021560, at *2. Because Plaintiffs' argument in favor of the motion to stay rests entirely on their argument in favor of their motion for summary judgment, and because Defendants have included arguments in their opposition to the motion for summary judgment as

well as their 56(d) motion, the Court cannot conclude that Plaintiffs have made a strong showing that Defendant's claim against summary judgment is meritless.

## B. The Breadth of Discovery and the Burden of Responding to It.

Plaintiffs argue that, "based on the categories of discovery that [Defendant] identified in its letter before the pre-trial conference," discovery would be "reasonably burdensome for [Plaintiffs] to respond to." Pl. Mem. at 23. These categories include (i) whether Plaintiffs breached the agreement, which would result in no transaction fee or monthly fees being owed to Plaintiffs; (ii) the purported involvement of Plaintiffs in the negotiation of the April 29, 2022 transaction at issue and amount of work allegedly performed by Plaintiffs; (iii) the meaning of phrases such as "'enforcement of remedies, or other action or event…,' 'funded indebtedness,' and 'mezzanine indebtedness;' (iv) the calculation and amount of Plaintiffs' purported damages; and (v) communications and documentation concerning the April 29, 2022 transaction, to which the Defendant was not a party. Pl. Mem. at 18-21.

Defendant contends that Plaintiffs' claim that discovery would be unreasonably burdensome is "entirely unsupported" because of "the narrowly tailored written discovery issued by [Defendant], the limited number of anticipated depositions, and the relatively short timeframe at issue." Opp. at 7. Defendants also point out that Plaintiffs brought the lawsuit and "cannot contend that participating in discovery in a lawsuit that they chose to file is burdensome or was unforeseeable, or that they should not be bothered with discovery." Opp. at 8.

The Court agrees with Defendant and finds Plaintiffs' conclusory statement unpersuasive.  Plaintiffs did not identify any particular burden associated with the production.  Nor did Plaintiffs explain how extensive the responses to Defendant's document requests might be.  Plaintiffs' vague and conclusory assertions are not sufficient to establish Defendant's discovery requests as unreasonably burdensome.

## C. **The Risk of Unfair Prejudice to the Party Opposing the Stay.**

Plaintiffs argue that there is "no colorable risk of prejudice" to Defendant if discovery is deferred because Defendant's defenses are likely to be resolvable based on "documentary evidence," and as such, there is "little risk that witness memories will fade or any prejudice of that form will obtain."  Pl. Mem. at 23.  Plaintiffs also contend that if Defendant "prevail[s] in opposing [Plaintiff's] motion for summary judgment, if will be able to conduct discovery as efficiently as it would today."  Id.

Defendant contends that they would be "irreparably prejudiced if forced to respond to Plaintiffs' Motion for Summary Judgment without having had any opportunity to obtain *any* discovery" because the discovery requests pertain directly to the issues that Plaintiffs allege are not in dispute.  Opp. at 8.  Hence, as noted above, Defendant has contemporaneously filed an FRCP 56(d) Motion, requesting 90 days from the entry of an order to file their opposition to summary judgment.  Opp. at 2; see also 56(d) Motion at 1.

The Court cannot agree with Plaintiffs that Defendant would not be prejudiced if Plaintiffs were allowed to stay discovery while their recently-filed motion for summary judgment is pending.  If Defendants were denied an opportunity to obtain

discovery prior to responding to Plaintiffs' Motion for Summary Judgment, this would be contrary to principles espoused by precedent cases. See, *e.g.*, Rosado v. Maxymillian, No. 20-3965-CV, 2022 WL 54181, at *2 (2d Cir. Jan. 6, 2022) (quoting Hellstrom v. U.S. Dep't of Veterans Affs., 201 F.3d 94, 98 (2nd Cir. 2000) ("The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment"); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5, (1986) (The nonmoving party must have "had the opportunity to discover information that is essential to his opposition" to the motion for summary judgment).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion (Dkt. No. 42) is DENIED, and Defendant's motion (Dkt. No. 44) is GRANTED. The time for Defendant's response is extended by ninety (90) days from the date of the entry of this Order.


SO ORDERED.

DATED:     New York, New York
           April 6, 2023

                                            *Jennifer E. Willis*
                                            JENNIFER E. WILLIS
                                            United States Magistrate Judge