IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONFIGURE PARTNERS LLC, et al., | ) |
| Plaintiffs, | ) Case No. 1:22-cv-08631-RA |
| v. | ) Judge Ronnie Abrams |
| RACI HOLDINGS LLC, et al., | ) |
| Defendants. | ) |

**STIPULATION AND PROPOSED PROTECTIVE ORDER**

WHEREAS, the Plaintiffs Configure Partners LLC and Configure Partners Securities LLC (together, "Plaintiffs" or "Configure") and Defendant RACI Holdings LLC ("Defendant" or "RACI") (collectively, the "Parties")[1] having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1. Any party, or any third party subpoenaed by one of the Parties, may designate any document or information, in whole or in part, as CONFIDENTIAL if

---

[1] Defendant PNC Capital Finance ("PNC") is not a party to this Stipulation and Proposed Protective Order (the "Order"). PNC may agree to the terms of this Order in the future through the filing of a Proposed Amended Stipulation and Protective Order.

4874-0256-1634, v.1

counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. Any party, or any third party subpoenaed by one of the Parties, may designate as ATTORNEYS' EYES ONLY and subject to this Order any document or information, in whole or in part, that meets the definition set forth in Paragraph 1 regarding CONFIDENTIAL information, but as to which the producing party also asserts in good faith that the information is so competitively sensitive that the receipt of the information by Parties to the litigation could result in competitive harm to the producing entity.

3. Documents or information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY will be held and used by the person receiving such information solely for use in connection with the action.

4. In the event a party challenges another party's designation of any documents or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Order constitutes an admission by any party that documents or information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY disclosed in this case are relevant or admissible. Each party reserves the right to object to the use or admissibility of

any documents or information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY .

5. Documents or information designated as CONFIDENTIAL shall not be disclosed to any person or entity except:

    a.    The requesting party and counsel, including in-house counsel;

    b.    Employees of such counsel assigned to and necessary to assist in the litigation;

    c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d.    The Court (including the mediator, or other person having access to any CONFIDENTIAL information by virtue of his or her position with the Court).

6. Counsel for the Parties shall not disclose or permit to be disclosed any documents or information designated as ATTORNEYS' EYES ONLY to any person or entity except:

    a.    Counsel for the requesting party, including in-house counsel;

    b.    Employees of such counsel assigned to and necessary to assist in the litigation;

    c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d.    The Court (including the mediator, or other person having access to any ATTORNEYS' EYES ONLY information by virtue of his or her position with the Court).

7. Prior to disclosing or displaying the CONFIDENTIAL or ATTORNEYS' EYES ONLY information to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached.

8. Deposition testimony and exhibits shall be deemed "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" only if so designated in writing no later than 30 days after the designating party receives a copy of the deposition transcript and exhibits. Such designation shall be specific as to the pages and lines of the transcript or any exhibit to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Before the expiration of the 30-day period, the entire deposition transcript and all of its exhibits shall be treated as "CONFIDENTIAL" except with respect to the witness who was deposed, who shall be allowed to review the transcript and exhibits immediately. After the expiration of the 30-day period, only those portions of the transcript and exhibits that were designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (if any) shall be treated as such pending objection, under the terms of this Order. In the event that an applicable filing deadline reasonably so requires, a

Party may seek to expedite the 30-day period and the other party shall attempt in good faith to expedite that period so as to allow the other party to file promptly.

9. The disclosure of a document or information without designating it as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a waiver of the right to designate such document or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY. If so designated, the document or information shall afterwards be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY subject to all the terms of this Order.

10. Any Personally Identifying Information ("PII") like social security numbers, financial account numbers, passwords, and information that may be used for identity theft exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored

information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as CONFIDENTIAL or ATTORNEYS' EYES ONLY in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures with respect to filing under seal. No Party shall file any document or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY without first following the Court's procedures with respect to filing under seal and, if the Court grants permission to file such materials under seal, redacting any document or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY to ensure that such document or information will not appear on the public docket.

13. At the conclusion of litigation, all documents or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, if

requested by the producer, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14. Nothing herein shall preclude the Parties from disclosing material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY if otherwise required by law or pursuant to a valid subpoena. However, prior to disclosing material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY if required by law or pursuant to valid subpoena, the party subject to such law or subpoena must provide ten (10) days written notice to the party designating material as CONFIDENTIAL or ATTORNEYS' EYES ONLY in order to allow the designating party sufficient time to protect its interests in such proceedings.

SO STIPULATED AND AGREED.

SO ORDERED.

*Jennifer E. Willis*

JENNIFER E. WILLIS, U.S.M.J.

Dated: May 9, 2023

New York, New York

<u>Agreement</u>

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL"" or "ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

Signed in the presence of:


(Attorney)

Dated:  May 8, 2023                              Respectfully submitted,

*/s/ Charles Gerstein*
Charles Gerstein
GERSTEIN HARROW LLP
810 7th Street NE, Suite 301
Washington, DC 20002
202-670-2809
charlie@gerstein-harrow.com

~~WHEREAS, the Parties~~

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONFIGURE PARTNERS LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) Case No. 1:22-cv-08631-RA |
| | ) |
| v. | ) Judge Ronnie Abrams |
| | ) |
| RACI HOLDINGS LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## STIPULATION AND PROPOSED PROTECTIVE ORDER

WHEREAS, the Plaintiffs Configure Partners LLC and Configure Partners Securities LLC (together, "Plaintiffs" or "Configure") and Defendant RACI Holdings LLC ("Defendant" or "RACI") (collectively, the "Parties")[1] having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the ~~parties~~ Parties in connection with the pre-trial phase of this action:

1. ~~Counsel for any~~ Any party, or any third party subpoenaed by one of the Parties, may designate any document or information, in whole or in part, as

---

[1] Defendant PNC Capital Finance ("PNC") is not a party to this Stipulation and Proposed Protective Order (the "Order"). PNC may agree to the terms of this Order in the future through the filing of a Proposed Amended Stipulation and Protective Order.

-2-

~~confidential~~CONFIDENTIAL if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped ~~"~~"CONFIDENTIAL~~."~~."

~~2. The Confidential Information disclosed~~2. Any party, or any third party subpoenaed by one of the Parties, may designate as ATTORNEYS' EYES ONLY and subject to this Order any document or information, in whole or in part, that meets the definition set forth in Paragraph 1 regarding CONFIDENTIAL information, but as to which the producing party also asserts in good faith that the information is so competitively sensitive that the receipt of the information by Parties to the litigation could result in competitive harm to the producing entity.

3. Documents or information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY will be held and used by the person receiving such information solely for use in connection with the action.

~~3~~4. In the event a party challenges another ~~party's~~party's designation of ~~confidentiality~~any documents or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this ~~Protective~~ Order constitutes an admission by any party that ~~Confidential Information~~documents or information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY disclosed in this case ~~is~~are relevant or admissible. Each party reserves

the right to object to the use or admissibility of ~~the Confidential Information.~~ any documents or information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY .

~~4. The parties should meet and confer if any production requires a designation of "For Attorneys'~~ 5. Documents or ~~Experts' Eyes Only." All other documents~~information designated as "CONFIDENTIAL" shall not be disclosed to any person~~,~~ or entity except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any ~~Confidential Information~~ CONFIDENTIAL information by virtue of his or her position with the Court).

~~5~~6. Counsel for the Parties shall not disclose or permit to be disclosed any documents or information designated as ATTORNEYS' EYES ONLY to any person or entity except:

    a.    Counsel for the requesting party, including in-house counsel;

    b.    Employees of such counsel assigned to and necessary to assist in the litigation;

    c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

d. The Court (including the mediator, or other person having access to any ATTORNEYS' EYES ONLY information by virtue of his or her position with the Court).

7. Prior to disclosing or displaying the ~~Confidential Information~~CONFIDENTIAL or ATTORNEYS' EYES ONLY information to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents ~~by him/her~~ for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached ~~hereto.~~.

~~6~~8. Deposition testimony and exhibits shall be deemed "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" only if so designated in writing no later than 30 days after the designating party receives a copy of the deposition transcript and exhibits. Such designation shall be specific as to the pages and lines of the transcript or any exhibit to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Before the expiration of the 30-day period, the entire deposition transcript and all of its exhibits shall be treated as "CONFIDENTIAL" except with respect to the witness who was deposed, who shall be allowed to review the transcript and exhibits immediately. After the expiration of the 30-day period, only those portions of the

-5-

transcript and exhibits that were designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (if any) shall be treated as such pending objection, under the terms of this Order. In the event that an applicable filing deadline reasonably so requires, a Party may seek to expedite the 30-day period and the other party shall attempt in good faith to expedite that period so as to allow the other party to file promptly.

9. The disclosure of a document or information without designating it as "confidential"CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a waiver of the right to designate such document or information as Confidential Information.CONFIDENTIAL or ATTORNEYS' EYES ONLY. If so designated, the document or information shall thenceforthafterwards be treated as Confidential InformationCONFIDENTIAL or ATTORNEYS' EYES ONLY subject to all the terms of this Stipulation and Order.

710. Any Personally Identifying Information ("PII") (e.g.,like social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of

litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

~~8~~11. Pursuant to Federal Rule of Evidence 502, the production of privileged or ~~workproduct~~work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

~~9~~12. Notwithstanding the designation of information as ~~"confidential"~~CONFIDENTIAL or ATTORNEYS' EYES ONLY in discovery, there is no presumption that such information shall be filed with the Court under seal. The ~~parties~~Parties shall follow the Court's procedures with respect to filing under seal. No Party shall file any document or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY without first following the Court's procedures with respect to filing under seal and, if the Court grants permission to file such materials under seal, redacting any document or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY to ensure that such document or information will not appear on the public docket.

-7-

~~10~~13. At the conclusion of litigation, ~~Confidential Information~~all documents or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, if requested by the producer, except that the ~~parties'~~Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

~~11~~14. Nothing herein shall preclude the ~~parties~~Parties from disclosing material designated ~~to be Confidential Information~~CONFIDENTIAL or ATTORNEYS' EYES ONLY if otherwise required by law or pursuant to a valid subpoena. However, prior to disclosing material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY if required by law or pursuant to valid subpoena, the party subject to such law or subpoena must provide ten (10) days written notice to the party designating material as CONFIDENTIAL or ATTORNEYS' EYES ONLY in order to allow the designating party sufficient time to protect its interests in such proceedings.

-8-

SO STIPULATED AND AGREED.

SO ORDERED.

JENNIFER E. WILLIS, U.S.M.J.

Dated:

New York, New York

-9-

Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL"" or "ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

Signed in the presence of:


(Attorney)